2006 UT App 292

**STATE of Utah, Plaintiff and Appellee,**

v.

**Johnny UDELL, Defendant
and Appellant.**

No. 20050453–CA.

Court of Appeals of Utah.

July 13, 2006.

Margaret P. Lindsay, Orem, for Appellant.

Mark L. Shurtleff and Jeffrey S. Gray, Salt Lake City, for Appellee.

Before Judges BENCH, DAVIS, and McHUGH.

DAVIS, Judge:

¶ 1 Johnny Udell (Defendant) appeals his convictions for possession of a controlled substance. We reverse and remand.

¶ 2 On March 26, 2004, the police were dispatched to Defendant's home to conduct a welfare check on his son. As Defendant spoke with officers outside his home, his live-in girlfriend also stepped outside. The officers noticed that she smelled of marijuana and exhibited other signs of recent drug use. They therefore asked to speak with her in private, and Defendant reentered his home. When the officers told Defendant's girlfriend that they suspected drug use, she admitted recent drug use, informed the officers that drugs and drug paraphernalia were in the home, and consented to a search of Defendant's home.

¶ 3 When the officers entered the home to begin their search, Defendant immediately objected to their presence in the residence and demanded that they exit the residence and secure a warrant. The officers ignored Defendant's demands and searched his home, finding drugs and drug paraphernalia. Defendant was arrested and charged with two counts of possession of a controlled substance and possession of drug paraphernalia. After his motion to suppress the evidence was denied, Defendant entered a conditional guilty plea pursuant to *State v. Sery*, 758 P.2d 935 (Utah Ct.App.1988), to two counts of possession of a controlled substance.

¶ 4 Defendant timely filed this appeal on May 12, 2005, arguing that the trial court erred in denying his motion to suppress. Since that time, the United States Supreme Court decided *Georgia v. Randolph*, —— U.S. ——, 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006), which both parties agree applies to this case. In *Randolph*, both the defendant and his wife were present when the police asked to search their home. The defendant "unequivocally refused," while his wife "readily gave" permission. *Id.* at 1519. After drugs were found in the home, the defendant was indicted for possession of cocaine. *See id.* He filed a motion to suppress the evidence, which motion was denied, and he subsequent-

ly appealed. *See id.* The question on appeal was whether an evidentiary search is lawful "with the permission of one occupant when the other ... is present at the scene and expressly refuses to consent." *Id.* at 1518–19.

¶ 5 The Supreme Court, after reviewing federal and state cases as well as social norms, determined that

> nothing in social custom or its reflection in private law argues for placing a higher value on delving into private premises to search for evidence in the face of disputed consent, than on requiring clear justification before the government searches private living quarters over a resident's objection. We therefore hold that a warrantless search of a shared dwelling for evidence over the express refusal of consent by a physically present resident cannot be justified as reasonable as to him on the basis of consent given to the police by another resident.

*Id.* at 1526. Here, Defendant was physically present and expressly refused to consent to a search of his home. Therefore, the warrantless search of his home cannot be justified as reasonable on the basis of the consent given to the police by his girlfriend.

¶ 6 We also note that this was not a situation in which exigent circumstances existed. In *Randolph,* the Supreme Court noted that

> [s]ometimes, of course, the very exchange of information like this in front of the objecting inhabitant may render consent irrelevant by creating an exigency that justifies immediate action on the police's part; if the objecting tenant cannot be incapacitated from destroying easily disposable evidence during the time required to get a warrant, a fairly perceived need to act on the spot to preserve evidence may justify entry and search under the exigent

circumstances exception to the warrant requirement.

*Id.* at 1524 n. 6 (internal citation omitted). In this case, however, the exchange of information between the police and Defendant's girlfriend did not occur "in front of the objecting inhabitant." *Id.* Instead, the officers asked to speak to Defendant's girlfriend "in private," and Defendant specifically reentered the home while the officers and his girlfriend spoke outside. Therefore, any argument of exigency is meritless.[1]

▮ ¶ 7 *Randolph* "invites a straightforward application of the rule that a physically present inhabitant's express refusal of consent to a police search is dispositive as to him, regardless of the consent of a fellow occupant." *Id.* at 1528. We accept that invitation. We therefore reverse Defendant's convictions and remand for further proceedings consistent with this opinion.

¶ 8 Reversed and remanded.

¶ 9 I CONCUR: CAROLYN B. McHUGH, Judge.

BENCH, Presiding Judge (concurring in the result):

¶ 10 In the papers filed with this court, the parties agree that *Georgia v. Randolph,* —— U.S. ——, 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006), is dispositive of this appeal. The State specifically concedes that this court "should reverse the trial court's denial of [D]efendant's motion to suppress and remand the case to the district court with instructions that [D]efendant be granted leave to withdraw his guilty pleas." With the appeal thus resolved, there is no "case or controversy" that this court may properly now decide. *See Shipman v. Evans,* 2004 UT 44,¶ 33, 100 P.3d 1151.

¶ 11 Because there is no justiciable controversy remaining between the parties, we are

---

1. The Supreme Court also specifically stated that the case had "no bearing on the capacity of the police to protect" victims of domestic violence. *Georgia v. Randolph,* —— U.S. ——, ——, 126 S.Ct. 1515, 1525, 164 L.Ed.2d 208 (2006). Indeed, the Court made clear that

> [n]o question has been raised, or reasonably could be, about the authority of the police to enter a dwelling to protect a resident from

domestic violence.... Thus, the question whether the police might lawfully enter over objection in order to provide any protection that might be reasonable is easily answered yes.

*Id.* Here, there was no claim that Defendant's girlfriend was in any danger or was the victim of domestic abuse.

not at liberty to hear "academic contentions or render[ ] advisory opinions." *Utah Safe to Learn–Safe to Worship Coal., Inc. v. State,* 2004 UT 32, ¶ 19, 94 P.3d 217 (quotations and citation omitted). Therefore, any further opinion by this court concerning the merits of this case is mere dicta. *See State v. Daniels,* 2002 UT 2, ¶ 35, 40 P.3d 611 (stating that dicta is defined as that which is "not critical to the holding").

¶ 12 Based on the State's concessions, I agree that we should reverse the trial court's denial of Defendant's motion to suppress and remand the case for further proceedings. I therefore concur in the result reached by the majority.